

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00744-CV

**IN THE INTEREST OF B.C., P.C., JR., AND A.C.**

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2013-PA-01143
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:  Jason Pulliam, Justice

Sitting:  Sandee Bryan Marion, Chief Justice
Rebeca C. Martinez, Justice
Jason Pulliam, Justice

Delivered and Filed:  April 29, 2015

AFFIRMED

### BACKGROUND

The Department of Family and Protective Services ("the Department") filed a petition to terminate the parental rights of Raquel P. ("Mother") and Paul C. ("Father") to their children, B.C., P.C., Jr., and A.C. The parties tried the case to the bench on October 6, 2014. At the conclusion of trial, the trial court found both Mother and Father voluntarily left their children in the possession of another without expressing an intent to return and without providing adequate support and failed to comply with their family service plans pursuant to Texas Family Code Sections 161.001(1)(B),(C) and (O). The trial court also found termination of their parental rights is in the best interest of the children pursuant to Texas Family Code Section 161.001(2). Based upon these findings, the trial court rendered judgment terminating Mother and Father's parental rights.

Upon appeal, Mother's court-appointed appellate attorney filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Father filed a brief, and the State responded. After reviewing the record, we affirm the trial court's judgment as to both parents. Mother's counsel's motion to withdraw is granted.

We will analyze each parent's appeal individually.

## ANALYSIS

### I.    Mother's Appeal

Mother's court-attorney filed a brief containing a professional evaluation of the record in accordance with *Anders* and demonstrating there are no arguable grounds to be advanced. The brief meets the requirements of *Anders*. *See Anders v. California*, 386 U.S. 738 (1967); *see also In re R.R.*, No. 04-03-00096-CV, 2003 WL 21157944, at *4 (Tex. App.—San Antonio May 21, 2003, no pet.) (applying *Anders* procedure in appeal from termination of parental rights) (mem. op.); *see also In re K.M.*, 98 S.W.3d 774, 775 (Tex. App.—Fort Worth 2003, order) (same).

In this brief, counsel concludes the appeal has no merit. Counsel certifies a copy of the brief was delivered to the children's mother, who was advised of her right to examine the record and to file a *pro se* brief. *See Nichols v. State*, 954 S.W.2d 83, 85-86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Mother did not file a *pro se* brief.

After reviewing the record and counsel's brief, we agree Mother's appeal is frivolous and without merit. *See Nichols*, 954 S.W.2d at 85-86.

## CONCLUSION

We AFFIRM the judgment of the trial court and GRANT appellate counsel's motion to withdraw. No costs shall be assessed against Mother in relation to this appeal because she qualifies as indigent under TEX. R. APP. P. 20.

**II.    Father's Appeal**

Father argues the evidence is legally and factually insufficient to support the trial court's judgment terminating his parental rights pursuant to Texas Family Code Sections 161.001(1)(B),(C) and (O). Father does not challenge the trial court's finding that termination is in the best interest of the children. *See* TEX. FAM. CODE ANN. § 161.001(2) (West 2014).

BACKGROUND

In September 2008, the children who are the subject of this action were removed from Mother's care pursuant to Chapter 262 of the Family Code following an allegation, investigation and determination Mother left them alone for several hours. Mother was arrested for neglectful supervision. The children were placed with their maternal aunt Mary P. ("Aunt") and her longtime live-in boyfriend ("Uncle"). Father was incarcerated at the time. In November 2009, Aunt sought legal custody of the children and was appointed managing conservator; Mother and Father were designated possessory conservators, with court-ordered access to the children.

On May 9, 2013, the Department was called to Aunt's home upon an allegation that B.C. had been sexually abused by Aunt's son, and Aunt and Uncle were subjecting B.C. to punishment because they believed B.C.'s allegation prompted their son to commit suicide. B.C. was immediately removed from the home. On May 10, 2013, the Department filed a petition to terminate parental rights. On that same date, the trial court entered temporary orders naming the Department as temporary sole managing and possessory conservator of all children until a full adversary hearing. The remaining children were removed from Aunt and Uncle's home on that day and placed into the Department's care.

After a full adversary hearing on May 22, 2013, the trial court named the Department as temporary managing conservator of all children; Mother and Father were named temporary possessory conservators, with court-ordered access to the children. Mother, Father, and Aunt were

all assigned family service plans. While the children remained in the Department's care, the trial court conducted periodic status and permanency hearings throughout 2013 and 2014. PC, Jr., and AC were eventually placed with Aunt again in February 2014. At the final permanency hearing on September 10, 2014, which Mother and Father attended, the trial court found Mother and Father had not demonstrated adequate and appropriate compliance with the assigned family service plan and set a termination hearing for October 6, 2014. The trial court advised Mother and Father of their rights and the potential outcome of the hearing.

A bench trial to terminate parental rights was held on October 6, 2014. Neither Mother nor Father attended the trial. After receipt of evidence and testimony, the trial court terminated Father's and Mother's parental rights based upon findings they each voluntarily left the children alone or in the possession of another without supporting the children and for failure to comply with the provisions of a court order necessary to obtain the return of the children, pursuant to Texas Family Code Sections 161.001(1)(B),(C) and (O). The court also found termination of parental rights to be in the best interest of the children pursuant to Texas Family Code Section 161.001(2).

## ANALYSIS

### Standard of Review

A parent's right to "the companionship, care, custody, and management" of children is a constitutional interest "far more precious than any property right." *Santosky v. Kramer*, 455 U.S. 745, 758–59 (1982); *accord Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985). Consequently, termination proceedings must be strictly scrutinized, and "involuntary termination statutes are strictly construed in favor of the parent." *Holick*, 685 S.W.2d at 20. Because termination "is complete, final, irrevocable, and divests for all time that natural right ... the evidence in support of termination must be clear and convincing before a court may involuntarily terminate a parent's rights." *Id.* Clear and convincing evidence is "the measure or degree of proof that will produce in

- 4 -

the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. FAM. CODE ANN. § 101.007 (West 2014); *In re J.F.C.*, 96 S.W.3d 256, 264 (Tex. 2002).

Under the strict scrutiny implicit in termination cases and the necessity of clear and convincing evidence, the traditional legal and factual standards of review are inadequate. *In re J.F.C.*, 96 S.W.3d at 264–66. Instead, in conducting a legal sufficiency review in a termination-of-parental-rights case, an appellate court must determine whether the evidence, viewed in the light most favorable to the finding, is such that a reasonable fact finder could have formed a firm belief or conviction about the truth of the matter on which the Department bore the burden of proof. *See id.* at 266. In viewing the evidence in the light most favorable to the judgment, the appellate court "must assume that the fact finder resolved disputed facts in favor of its finding if a reasonable fact finder could [have done] so," and "should disregard all evidence that a reasonable fact finder could have disbelieved or found to have been incredible." *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005) (citing *In re J.F.C.*, 96 S.W.3d at 266). In conducting a factual sufficiency review in a parental-rights termination case, the appellate court must determine whether, considering the entire record, including both evidence supporting and evidence contradicting the finding, a reasonable fact finder could have formed a firm conviction or belief about the truth of the matter on which the Department bore burden of proof. *In re J.F.C.*, 96 S.W.3d at 266. "If, in light of the entire record, the disputed evidence that a reasonable fact finder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient." *Id*.

**Grounds for Termination**

To support termination of parental rights under Family Code Section 161.001, the Department must establish by clear and convincing evidence one or more of the acts or omissions

enumerated under subsection (1), and termination is in the best interest of the child. TEX. FAM. CODE ANN. § 161.001(1),(2) (West 2014). Both elements must be established, and termination may not be based solely on the best interest of the child. *Tex. Dep't of Human Servs. v. Boyd*, 727 S.W.2d 531, 533 (Tex. 1987).

Under Family Code Section 161.001(O), applicable in this case, termination is warranted if the trial court finds by clear and convincing evidence the parent has: "failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child." TEX. FAM. CODE ANN. § 161.001(1)(O). Subsection (O) requires that the children who are the subject of the suit be removed from a parent due to abuse or neglect, but "does not require that the parent who failed to comply with the court order be the same parent whose abuse or neglect warranted the child's removal." *In re A.O.*, 2012 WL 5507107, at *1 (Tex. App.—San Antonio 2012, no pet.) (quoting *In re D.R.A.*, 374 S.W.3d 528, 532 (Tex. App.—Houston [14th Dist.] 2012, no pet.)).

## THE EVIDENCE

Father contends the evidence is legally and factually insufficient to support termination of his parental rights under Section 161.001(1)(O). Specifically, he argues the Department did not meet its burden of proving the abuse or neglect which led to the children's placement in the Department's care was at the hands of a parent. Instead, Father contends the evidence shows the abuse was at the hands of a non-parent, namely Aunt and Uncle. In making this argument, Father does not dispute or challenge the trial court's findings that: (1) he failed to comply with the provisions of a court order that specifically established the actions necessary for him to obtain the

return of the children; (2) the children have been in the permanent or temporary managing conservatorship of the Department for not less than nine months.

The record before the court at trial reflected the children were removed from their homes and placed in the Department's care on two separate occasions. First, on September 14, 2008, the children were removed from the care of Mother pursuant to Chapter 262 because Mother left the children alone. Mother was arrested at that time for neglectful supervision of the children. The Department was appointed managing conservator of the children, and they were placed with Aunt. This custody arrangement continued until November 2009, when Aunt was appointed managing conservator. The children were removed from their home for the second time pursuant to Chapter 262, this time from Aunt's home, and placed in the Department's care on May 9 and 10, 2013, upon an allegation and investigation of abuse of B.C.

*Legal Sufficiency*

The record and testimony at the termination hearing reflect the children were originally removed from Mother pursuant to Chapter 262 due to neglect because she left them home alone. Mother was arrested and convicted of neglectful supervision and served jail time for this offense. The Department was the children's managing conservator for approximately 14 months, until Aunt sought legal custody and was appointed managing conservator.

After review of all the evidence in the light most favorable to the trial court's finding, we conclude a reasonable trier of fact could have formed a firm belief or conviction the children were removed from a parent under Chapter 262 for the abuse or neglect of the children. Section 161.001(1)(O) requires only that the affected children be in the Department's care for more than 9 months and to have been removed from a parent pursuant to Chapter 262, but does not require the removal to have occurred within a certain time of the termination hearing.

Therefore, Father's argument must fail. The evidence is legally sufficient to support the court's finding on this ground.

*Factual Sufficiency*

As discussed, the record contains evidence the children were removed from Mother's care due to neglectful supervision pursuant to Chapter 262. The record does not contain any contrary evidence. Although the children were also removed from Aunt's care for abuse of B.C., this removal does not change the fact the children were also originally removed from Mother's home pursuant to Chapter 262. The children's original removal from Mother's home based upon neglect was the precipitating event from which the termination proceedings began and from which the children were placed in Aunt's home.

Therefore, after review and consideration of the entire record, including both evidence supporting and evidence contradicting the finding, a reasonable fact finder could have formed a firm conviction or belief the children were removed from a parent under Chapter 262 for the abuse or neglect of the children. Thus, the evidence is factually sufficient to support the court's finding under Section 161.001(O) on this matter.

We hold the evidence is legally and factually sufficient to support the trial court's finding with regard to Section 161.001(O). Thus, we overrule Father's appellate issue with regard to this finding. Having overruled Father's issue with regard to the trial court's findings under Section 161.001(1)(O), we need not address Father's challenge to the trial court's findings under Family Code Sections 161.001(B) or (C). *See In re T.T.*, 228 S.W.3d 312, 326 n.8 (Tex. App.—Houston [14th Dist.] 2007, pet. denied); *see also Wilson v. State*, 116 S.W.3d 923, 928 (Tex. App.—Dallas 2003, no pet.). Therefore, we affirm the trial court's judgment as to Father.

## CONCLUSION

Based on the foregoing reasons, we overrule Father's issue on appeal with regard to his challenge to the trial court's finding that termination of his parental rights was supported by Family Code Subsection (O). We affirm the trial court's judgment as to Father. In addition, we affirm the trial court's judgment as to Mother and grant the motion to withdraw filed by Mother's court-appointed counsel. No costs shall be assessed against Mother or Father in relation to this appeal because they each qualify as indigent under TEX. R. APP. P. 20.

Jason Pulliam, Justice